Donovan, J.
[On Defendant’s Motion For Summary Judgment]
This case is before the court on the defendant, Arnica Mutual Insurance Company’s (“Arnica”), second motion for summary judgment pursuant to Mass.R.Civ.P. 56.
FACTS
On November 30, 1996, the plaintiff, while driving her 1993 Acura Legend, was involved in an accident. She thereafter sought reimbursement from her insurer, Arnica, under the standard form Massachusetts Auto Insurance Policy (6th Ed.), approved by the Division of Insurance. Arnica appraised the damage and specified that the left front fender be replaced with a fender not provided by the car manufacturer (a so-called non-OEM part). Plaintiff objected to the use of a non-OEM part to repair the vehicle and demanded reimbursement for the loss of market value of the car after repairs due to the fact that it was involved in an accident. Neither party elected to utilize the appraisal method set forth in the policy to resolve the disagreement. [1] The plaintiff then filed a seven-count complaint alleging breach of contract, violation of G.L.c. 93A, fraudulent misrepresentation, fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. The plaintiff purports to represent a class of similarly situated persons. No class has yet been certified.
DISCUSSION
Arnica previously moved for summary judgement which was allowed in part ”... in that the plaintiff is not entitled to recover for the diminution in value of the car, áfter proper repairs, due to market perception that the car, having been involved in an accident, is worth less than a similar car which has not been involved in an accident. Arnica's motion is DENIED with respect to the fender issue.” (Emphasis added.) The judge had identified two issues for possible summary judgement as presented by the briefs: (1) whether under the policy Arnica was obligated to pay for the diminution of the value of the insured’s vehicle as well as the cost to repair it, and (2) the propriety of Arnica specifying a non-OEM part with which to complete the repairs. His order directly resolved issue (1) but did not resolve issue (2).
As to issue (2) the judge concluded that Arnica is permitted to specify a non-OEM part for repairs consistent with the limitations set forth in the regulations and therefor did not breach a duty to the plaintiff by doing so. Arnica argues that this conclusion together with the offer of settlement now part of the record should result in summary judgment in its favor on the remainder of the case.[2]
The court understands the prior decision on summary judgment to resolve conclusively one theory of the case: failure to pay the difference between the pre loss and post repair values of the vehicle in favor of Arnica. The decision is also read to foreclose the argument that non-OEM parts are per se a breach of any duty Arnica owed to the plaintiff. The remaining allegation of Arnica’s specifying substandard parts for the repairs remained viable. No counts of the complaint were resolved as they are all supported by the substandard non-OEM replacement part argument.
The court is cognizant of the plaintiffs contention that the non-OEM part specified was inferior in various respects. Arnica offers no evidence on this issue. Should the plaintiff prevail on this theory, she may be entitled to multiple damages under G.L.c. 93A. The plaintiff is not required to accept an offer of settlement nor does an offer of settlement require summary judgment in a negligence case.[3]
A question of material fact exists as to the qualify of the non-OEM part specified and installed on the plaintiffs vehicle. Accordingly, summary judgment is inappropriate at this time.
*130 ORDER
For the foregoing reasons the court orders that defendant Arnica Mutual Insurance Company’s motion for summary judgment is DENIED.

Although Arnica asserts through the affidavit of Robert E. Valliere, Assistant Vice President at Arnica, that Arnica offered the option of the appraisal method provided by Massachusetts law, either Arnica or the plaintiff may elect to use the procedure, the result of which would be binding on both parties.

The court cautions defense counsel in its characterization of footnote 3 in the memorandum and order on their prior summary judgment. Footnote 3 does not state that if Arnica’s prior offer of settlement was before the court it would have granted summary judgment in favor of Arnica on the entire complaint.

The plaintiff also offers as a basis for declining the offer of settlement the fact that she is the named representative in this purported class action. The court notes that the class has yet to be certified and that given the procedural wrangling in this case, certification sooner rather than later may better protect the class members.